UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THOMAS ANDREW WAGER, ) | 2:10-cv-01320-PMP-PAL |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| FREHNER CONSTRUCTION ) | |
| COMPANY, INC., et al., ) | |
| ) | |
| Defendants. ) | |

      Before the Court for consideration are Defendant Reno Hydraulic & Rebuild, Inc.'s Motion to Dismiss (Doc. #8), Defendant Frehner Construction Company, Inc.'s Motion to Dismiss (Doc. #16) and Plaintiff's Motion to Amend Complaint (Doc. #21). All three motions are fully briefed, and on March 28, 2011 the Court conducted a hearing to consider the arguments of counsel on the matter.

      This action arises from a tragic accident which occurred on August 16, 2006 in the state of South Dakota resulting in severe physical injuries to Plaintiff Thomas Andrew Wager.

      A related action is currently proceeding in United States District Court for the District of South Dakota, but the action before the Court involves only Plaintiff's allegations against Defendants Frehner Construction Company, Inc., a corporation organized and operating under the laws of the state of Nevada wherein it maintains its principle place of business, and Defendant Reno Hydraulic & Rebuild, Inc.,

which is also organized and operated under the laws of state of Nevada with its principle place of business in Sparks, Nevada.  Plaintiff alleges that Defendant Frehner was engaged in the business of designing, manufacturing, and distributing the "windrow elevator" which was involved in the incident giving rise to Plaintiff's injuries.  Defendant Reno Hydraulic was allegedly responsible for repairing or otherwise altering the hydrostatic transmission system on the "windrow elevator" in question.

In their motions to dismiss, Defendants Frehner and Reno contend Plaintiff's complaint filed August 5, 2010 is time-barred because the accident giving rise to Plaintiff's injuries occurred on August 16, 2006 and under Nevada law an action for personal injury must be brought within two (2) years of the date of the injury in accord with N.R.S. §11.190(4)(e).  Plaintiff responds that his claims are subject to the four (4) year limitation on actions provided under N.R.S. §11.190 and §11.220.

The Court finds that the causes of actions alleged in Plaintiff's complaint are all personal injury claims and thus fall within the two (2) year statute of limitations provision set forth in N.R.S. §11.190(4)(e).  See Campos v. New Direction Equipment Company, Inc., 2009 WL 114193, 3 (D. Nev. 2009).  As a result, Defendant's are entitled to the relief requested in accord with Rule 12(b)(6) of the Fed. R. Civ. P.

**IT IS SO THEREFORE ORDERED** that Defendant Reno Hydraulic & Rebuild, Inc.'s Motion to Dismiss (Doc. #8) is **GRANTED**.

**IT IS FURTHER ORDERED**  Defendant Frehner Construction Company, Inc.'s Motion to Dismiss (Doc. #16) is **GRANTED**.

///
///

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend Complaint (Doc. #21) is **DENIED** as futile.

**IT IS FURTHER ORDERED** that the Clerk of Court shall forthwith enter Judgment in favor of Defendants and against Plaintiff.

DATED: April 11, 2011.

_____
PHILIP M. PRO
United States District Judge